February 6, 1973.

M. P. No. 1951. HENRY J. KOGUT *v.* GERALD M. BRENNER *et al., Executors.* Petition by one co-executor in which he seeks to prosecute an appeal out of time from a judgment entered in the Superior Court which increased the fee awarded by the Woonsocket Probate Court to his fellow co-executor from $750 to $1842. The petition states that it is filed pursuant to G. L. 1956, §9-21-6. This statute was repealed during the January 1972 session of the General Assembly with the enactment of P. L. 1972, ch. 169, sec. 7. Copies of the new legislation were not readily available until late in 1972.

The instant petition was filed in Supreme Court on November 22, 1972. It recites that the judgment was entered on October 16, 1972. The 20-day appeal period expired on November 5, 1972. The petitioner alleges that he had intended to file the notice of appeal on November 3, 1972 but that he became ill on October 30, 1972 and was hospitalized until November 11, 1972. Counsel for the other co-executor has informed us that he neither approves nor disapproves any grant of relief to the petitioner.

Rule 4 of the Rules of the Supreme Court in pertinent part allows the trial court upon a showing of excusable neglect to extend the time for filing the notice of appeal by any party for an additional 30 days from the expiration of the original 20 days. Such an extension can be granted before or after the initial 20 days have expired. This rule became effective on September 1, 1972.

Because of the unique circumstances presented by the record before us, we shall treat the petition as a motion under Rule 4 which was timely but improperly filed — timely filed in that

it was within the 50-day period contemplated by the rule; improperly filed in that it was filed with Supreme Court rather than the Superior Court.

Under a narrow reading of that provision, it might be argued that the Superior Court would have no authority in this case to grant relief after December 5th — the fiftieth day after entry of judgment. However, in an analogous situation the United States Court of Appeals for the First Circuit held that under Rule 4 of the Federal Rules of Appellate Procedure (which is essentially the same as our Rule 4) the trial court has authority to enter an order granting an application after the extended time period has elapsed, provided that the petition and notice of appeal, or its equivalent, have been filed within the extended time period. *Pasquale* v. *Finch,* 418 F.2d 627, 629 (1st Cir. 1969). In our case, the petitioner filed and served his application within the thirty day extended period. Although a formal notice of appeal was not also filed, the application adequately put respondent on notice of petitioner's intention to seek review. Therefore, under the circumstances of this case, we hold that the filing of the papers by petitioner on November 22nd constituted the equivalent of filing on that date a proposed notice of appeal together with an application for extension of time under Rule 4. See *Pasquale* v. *Finch, supra.*

It is hereby ordered that the petition be transferred to the Superior Court with a direction that a hearing be held to determine whether petitioner can demonstrate excusable neglect, entitling him to relief under Rule 4. *Archibald B. Kenyon, Jr.,* for plaintiff-respondent. *Gerald M. Brenner,* pro se, for defendants-petitioners.